UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
     *Plaintiff-Appellee,*

v.

DAVID MARTINAS EPPERSON, JR.,
     *Defendant-Appellant.*

No. 01-4276

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-63)

Submitted: February 26, 2002

Decided: March 20, 2002

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Wayne D. Inge, Roanoke, Virginia, for Appellant. John Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

David Martinas Epperson, Jr., appeals his convictions and sentences of two concurrent terms of 120 months imprisonment for being a felon in possession of firearms (count one), in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), and possession of stolen firearms (count two), in violation of 18 U.S.C.A. § 922(j) (West 2000). Epperson argues the district court erred by admitting the testimony of John Wayne Thompson, by denying his motion for judgment of acquittal on count two, by submitting to the jury an instruction concerning count two that allegedly shifted the burden of proof, and by enhancing Epperson's sentencing guidelines offense level by two levels because his relevant conduct involved a destructive device. Finding no reversible error, we affirm.

Epperson's first trial ended in a mistrial when the jury was unable to reach a verdict. Prior to his second trial, Epperson moved to exclude the testimony of John Wayne Thompson, arguing Thompson's testimony was inadmissible. This court reviews such evidentiary decisions for abuse of discretion. *See United States v. Hassan El*, 5 F.3d 726, 731 (4th Cir. 1993). We find Thompson's testimony was properly admitted as relevant evidence supporting count two; therefore, the district court did not abuse its discretion.

Epperson next argues the district court erred by denying his motion for judgment of acquittal based on sufficiency of the evidence on count two. We review de novo the district court's decision to deny a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). To determine whether there was sufficient evidence, this court considers whether the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Id.*; *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

Epperson claims the testimony at trial was insufficient to establish he knew the firearms at issue were stolen. We have reviewed the record and find the evidence was sufficient for a rational trier of fact

to find beyond a reasonable doubt that Epperson knew the firearms were stolen.

Epperson also argues the burden of proof was impermissibly shifted by a jury instruction that permitted the jury to infer that Epperson's possession of recently stolen property meant that he knew the property was stolen. Epperson notes a similar instruction was approved in *Barnes v. United States*, 412 U.S. 837 (1973), but argues that the jury instruction given to his jury omitted language given in the instruction in *Barnes* that rendered the instruction incomplete and impermissibly shifted the burden of proof.

Jury instructions are not evaluated in isolated segments, but are considered as a whole. *See United States v. Cropp*, 127 F.3d 354, 360 (4th Cir. 1997). The instruction specifically stated it was the jury's duty to determine which, if any, inferences to draw from the evidence of the case, and the jury instructions as a whole adequately explained the purpose of inferences and the Government's burden of proof. Therefore, we find Epperson's argument without merit.

Finally, Epperson objects to a two point enhancement to his sentencing guidelines offense level under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(3) (2000). Epperson argues the evidence was insufficient to support the finding that his relevant conduct involved a destructive device. The district court's factual findings concerning the enhancement are reviewed for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Testimony at trial showed an anti-tank rifle was stolen at the same time as the firearms listed in the indictment, that Epperson described the weapon to two people in an apparent effort to interest one of the people in buying it, and he drew a picture of it in the presence of one of those people. Based on these facts, we conclude the district court's finding was not clearly erroneous.

We therefore affirm Epperson's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*